# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

      **Plaintiff,**

**v.**                        **Case No.  8:12-cv-2247-T-30TGW**

**COMMONWEALTH LAND TITLE INSURANCE COMPANY,**

      **Defendant.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Motion for More Definite Statement (Dkt. 8), Plaintiff's Opposition to Defendant's Motion for More Definite Statement (Dkt. 10), and Defendant's Notice of Supplemental Authority In Support of Motion for More Definite Statement (Dkt. 19).  The Court, having reviewed the motion, response, supplemental authority, and being otherwise advised in the premises, concludes the motion for more definite statement should be granted.

Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank brings this action against Defendant Commonwealth Land Title Insurance Company for breach of contract and declaratory relief based on two closing protection letters ("CPLs").  A CPL is an indemnity contract issued by a title insurer to a lender and is effective when issued in connection with the lender's purchase of a policy from the title insurer to insure the validity, enforceability and priority of the lender's mortgage lien.  Commonwealth issued two

CPLs to Washington Mutual Bank in connection with two separate and unrelated real estate transactions, although the CPL language was identical for each transaction. Each CPL issued was made in connection with loan transactions that occurred on different dates, involving different buyers, sellers, and loan amounts. Most significantly, there were independent title insurance policies issued in connection with each of the mortgages.

The FDIC-R alleges that Commonwealth authorized and held out an issuing agent to issue its title insurance policies, and this agent acted as the closing agent for both above-named transactions. The FDIC-R alleges that Commonwealth's agent fraudulently and dishonestly handled documents, misappropriated Washington Mutual's funds, and disbursed those funds contrary to Washington Mutual's instructions. FDIC-R alleges that Washington Mutual suffered losses because of this fraud and that Commonwealth has refused to honor its promises to indemnify despite FDIC-R's demands to Commonwealth do so.

In Count One, Breach of Contract, the FDIC-R is seeking reimbursement from Commonwealth based on the CPLs for actual losses of no less than $1.2 million that resulted from the fraud, dishonesty, and failure of Commonwealth's agent to comply with Washington Mutual's closing instructions. In Count Two, Declaratory Relief, the FDIC-R is seeking a judgment declaring that Commonwealth has breached the CPLs and that the FDIC-R is entitled to reimbursement for all of Washington Mutual's actual losses arising out of the fraud and dishonesty connected with the two transactions. Count One is premised on a breach of both CPLs and Count Two is premised on a declaratory judgment based on both CPLs.

Commonwealth moves for a more definite statement based on Federal Rule of Civil Procedure 10(b).  Specifically, Commonwealth contends that the FDIC-R should be required to plead two counts of breach of contract and two counts of declaratory relief so that each distinct real estate transaction is contained in a separate count.  Commonwealth asserts that the FDIC-R has improperly lumped together the factual allegations of the two transactions, making a response difficult.  The Court agrees that pleading the counts separately would promote clarity, better frame the issues, and adhere to the Federal Rules of Civil Procedure.

The combining of several claims for relief in a single count disregards the rules governing the presentation of claims to a district court.  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).  Rule 10(b) of the Federal Rules of Civil Procedure provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence - and each defense other than denial - must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).  Moreover, the Eleventh Circuit has stated that Rule 8 and Rule 10 work together to

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Fikes*, 79 F.3d at 1082 (quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting))).

The FDIC-R claims that Commonwealth has failed to meet its burden of demonstrating that the complaint is so vague or ambiguous that it cannot reasonably be

expected to respond.  Although the FDIC-R neatly separates the factual allegations related to each real estate transaction in the paragraphs preceding the two counts, it confuses the causes of action by improperly grouping two distinct breach of contract claims in Count One and two distinct declaratory judgments in Count Two.  This improper pleading creates confusion for Commonwealth in responding to the complaint because the factual allegations are mixed in the paragraphs following Counts One and Two.  Additionally, the combined causes of action will generate more confusion when submitted to the Court for summary judgment or to a jury for a verdict.[1]

Finally, Rule 1 of the Federal Rules of Civil Procedure require the Court to administer the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  This lawsuit will benefit from FDIC-R filing an amended complaint which will allow Commonwealth to assert affirmative defenses, if any, in a manner specific to the individual transactions.  It will also aid in the discovery process by clarifying what defenses are being raised with respect to each CPL as well as assist the Court in ruling on any summary judgment motions.  Moreover, amending the complaint will not be an undue burden or expense on the FDIC-R.

---

[1]The Court finds persuasive the ruling by the District Court of the Southern District of Florida wherein the Honorable Patricia A. Seitz ordered the FDIC-R to detangle its breach of contract and declaratory judgment claims into separate counts.  The facts are nearly identical to the instant case.  *See FDIC as Receiver for Washington Mutual Bank v. Attorneys' Title Ins. Funs, Inc.*, Case No. 12-23599-CIV-SEITZ/SIMONTON (S.D. Fla. Feb. 13, 2013) (slip op.) (Order Granting Defendant's Motion For More Definite Statement).

Accordingly, the FDIC-R shall set forth a breach of contract count for each CPL that Commonwealth allegedly breached because each CPL represents a separate and distinct real estate transaction.  Likewise, the FDIC-R shall allege its claims for declaratory relief in a manner specific to each real estate transaction and CPL.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Motion for More Definite Statement (Dkt. 8) is GRANTED.

2.     Plaintiff shall file an amended complaint within fourteen (14) days of the date of this Order.  The amended complaint should set forth a separate breach of contract claim for each CPL that Plaintiff alleges Defendant breached as well as a separate claim for declaratory relief in a manner specific to each real estate transaction.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-2247.grantdefinite2.frm